PROB 12C(D) (05/17)

December 28, 2022
pacts id: 6526951

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Pablo Del Carmen-Emigdio (Spanish)   **Dkt No.:** 20CR01179-001-AJB

**Reg. No.:** 93054-298

**Name of Sentencing Judicial Officer:** The Honorable Anthony J. Battaglia, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1326(a) and (b), Removed Alien Found in the United States, a Class C felony.

**Date of Sentence:** August 3, 2020

**Sentence:** 21 months' custody; three years' supervised release. *(Special Conditions: If deported, excluded or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry into the United States; supervision waived upon deportation, exclusion, or voluntary departure.)*

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** August 27, 2021

**Asst. U.S. Atty.:** Jonathan I Shapiro   **Defense Counsel:** Keith H. Rutman (Appointed) 619-237-9072

**Prior Violation History:** None.

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

PROB 12C(D)

| | |
|---|---|
| Defendant: Pablo Del Carmen-Emigdio | December 28, 2022 |
| Docket No.: 20CR01179-001-AJB | Page 2 |

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. *(nv1)* | 1. On or about December 26, 2022, Mr. Del Carmen-Emigdio, a previously deported or removed alien, was found in the United States illegally, the conduct of which is in violation of 8 U.S.C. § 1326, as evidenced by the complaint filed in the United States District Court, Southern District of California, Dkt. No. 22MJ04684-001-BLM. |
| **(Special Condition)**<br>If deported, excluded or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry into the United States; supervision waived upon deportation, exclusion, or voluntary departure. | 2. On or about December 26, 2022, Mr. Del Carmen-Emigdio illegally reentered or attempted to reenter the United States, the conduct of which is in violation of 8 U.S.C. § 1325, as evidenced by the complaint filed in the United States District Court, Southern District of California, Dkt. No. 22MJ04684-001-BLM. |
| | 3. On or about December 26, 2022, Mr. Del Carmen-Emigdio illegally reentered the United States, as evidenced by the complaint filed in the United States District Court, Southern District of California, Dkt. No. 22MJ04684-001-BLM. |

**Grounds for Revocation:** As to Allegations 1 to 3, I received and reviewed complaint with probable cause statement filed in the United States District Court, Southern District of California, Dkt. No. 22MJ04684-001-BLM , which confirm the following: On the above date, a United States Border Patrol (USBP) agent observed two individuals attempting to conceal themselves in brush approximately four miles north of the United States-Mexico International Border and approximately one mile east of the Otay Mesa, California, Port of Entry. An immigration inspection was conducted, at which time one of the individuals identified was Pablo Del Carmen-Emigdio, a citizen of Mexico without any proper immigration documents that would allow him to enter or remain in the United States legally. Subsequently, Mr. Del Carmen-Emigdio was arrested. Records revealed that the offender was deported from the United States on August 27, 2021, through San Ysidro, California.

As indicated in the probable cause statement in support of the complaint, the offender had not applied for nor had received permission from the Attorney General of the United States or the Secretary of the Department of Homeland Security, to lawfully enter the United States subsequent to removal.

On December 27, 2022, a complaint was filed in the United States District Court, Southern District of California, Dkt. No. 22MJ04684-001-BLM, charging the offender with 8 U.S.C. § 1326, Deported Alien Found in the United States. The offender is scheduled for a Preliminary Hearing on January 10, 2023, before Magistrate Judge Barbara Lynn Major.

PROB 12C(D)

| | |
|---|---|
| Defendant: Pablo Del Carmen-Emigdio | December 28, 2022 |
| Docket No.: 20CR01179-001-AJB | Page 3 |

**U.S. Probation Officer Recommendation:** If found in violation, that supervised release be revoked and the offender be sentenced to 24 months' custody with no supervised release to follow, consecutive to any sentence he may be serving, pursuant to USSG §7B1.3(f), p.s. (An Expanded Violation Worksheet, 12CW(d), has been attached for the Court's review.)

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:** December 28, 2022

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by  *(signature)*

Rustin Brown
U.S. Probation Officer
(619) 557-6726

Reviewed and approved:

*(signature)*

Marc W. Ryan
Supervisory U.S. Probation Officer

PROB 12CW(D) December 28, 2022

# EXPANDED VIOLATION WORKSHEET

1. **Defendant:** Del Carmen-Emigdio, Pablo

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 20CR01179-001-AJB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

   | Violation(s) | Grade |
   |---|---|
   | Deported Alien Found in the U.S. | B |
   | Illegal Entry/Attempted Reentry | C |
   | Illegal Entry | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))   [  B  ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))   [  VI  ]

6. **Statutory Maximum Term** (*Custody*) (*See* 18 U.S.C. § 3583(e)(3))
   Upon finding of a violation, the court may modify the conditions of supervision; extend the term if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. If the court revokes supervised release, the maximum term of imprisonment upon revocation is:   [ 24 months ]

7. **Range of Imprisonment** (*Custody*) (See USSG § 7B1.4(a))
   A Grade B violation with a Criminal History Category VI establishes an imprisonment range of 21 to 27 months. However, because the maximum of the imprisonment range exceeds the statutory maximum term, the adjusted imprisonment range is:   [ 21 to 24 months ]

8. **Statutory Maximum Term** (*Supervised Release*) (See 18 U.S.C. § 3583(b))

   If supervised release is revoked and a term of imprisonment is imposed that is less than the maximum term of imprisonment imposable upon revocation, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment upon revocation. In this case, the court has the authority to reimpose a term of:   [ 36 months ]

9. **Recommendation:**   [ 24 months' custody, consecutive to any other sentence being served. *See* USSG § 7B1.3(f)- w/ no supervised release to follow. ]

PROB 12C(D)

| | |
|---|---|
| Defendant: Pablo Del Carmen-Emigdio | December 28, 2022 |
| Docket No.: 20CR01179-001-AJB | Page 5 |

**THE COURT ORDERS:**

__X__  A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

(Currently detained at Metropolitan Correctional Center in San Diego, California, under Register No. 93054-298.)

_____  Other _____

_____

_____       12-29-22
The Honorable Anthony J. Battaglia                               Date
U.S. District Judge